```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
TRUSTEES OF THE DISTRICT COUNCIL                              :   20 Civ. 4501 (LGS)
NO. 9 PAINTING INDUSTRY INSURANCE                             :
FUND, ET AL.,                                                 :   OPINION AND ORDER
                                       Petitioners,           :
                                                              :
                        -against-                             :
                                                              :
SAHARA CONSTRUCTION CORP.,                                    ::
                                       Respondent.            :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Petitioners District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union") and Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Trustees") seek confirmation of an arbitration award issued October 1, 2019 (the "Award"), pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). Petitioners also seek attorneys' fees and costs associated with this action. Respondent Sahara Construction Corp. ("Sahara") did not appear in this action and did not oppose the Union and the Trustees' Petition to Confirm Arbitration Award ("Petition"). For the following reasons, the Petition is granted.

## I.   BACKGROUND

The following undisputed facts are derived from the Petition and supporting exhibits, including the Award.

The Award arises out of a collective bargaining agreement ("CBA") to which Sahara was a party. The CBA provides that "the Joint Trade Committee and Joint Trade Board are

empowered to . . . make such awards or assess remedies, damages and penalties for violations of this Trade Agreement [in arbitration]." Any decisions or awards made in arbitration are "final and binding upon the Association employer and the Union, all members thereof, and all interested parties." The CBA also provides that a prevailing party in a proceeding to confirm an arbitration award is entitled to any "attorneys' fees incurred by the Union and/or the [Trustees], plus the costs of the litigation that have resulted from such legal action."

At issue is Sahara's failure to comply with the Joint Trade Committee's (the "JTC") arbitration ruling and award resolving grievances filed by Petitioners. The grievances relate to violations of the CBA -- Sahara's failure to pay wages and benefits to a Union member, Junior Cespedes ("Cespedes"), pursuant to Article VIII Section 1, Article XX Section 3(a) and Article XIII Section 11 Violation 9 of the CBA. These CBA provisions mandate that Association employers pay wages on the job, make specified contributions to the Trustees' funds for certain employees and pay fines for any failures to pay wages and/or fringe benefits, respectively.

Petitioners served Sahara with a notice of a demand for arbitration, dated September 9, 2019, informing Sahara that a hearing was scheduled for October 1, 2019. Two Union representatives and a Sahara representative attended the arbitration. The JTC determined that Sahara had violated the CBA by failing to pay Cespedes wages and benefits. On October 1, 2019, the JTC issued the Award in favor of Petitioners and ordered Sahara to pay (1) $10,220.50 in lost wages to Cespedes, (2) $8,244.25 in lost benefits to the Trustees' funds, and (3) $4,000.00 in liquidated damages to the Joint Trade Board of the Painting and Decorating Industry, for a total damage amount of $22,464.75. These amounts were determined by multiplying the number of uncompensated hours Cespedes had worked by the CBA wage and benefit rates during the relevant period.

On October 28, 2019, Petitioners sent Sahara a demand letter, requesting compliance with the JTC decision.  Sahara did not comply.  On June 9, 2020, Petitioners commenced this action to enforce the Award pursuant to the LMRA and the FAA.  Petitioners served Sahara with a Summons and Petition on June 12, 2020, and filed proof of service on June 15, 2020.  Sahara has neither appeared nor responded to the Summons and Petition.

## II.   DISCUSSION

### A.   Confirmation of the Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Super, LLC*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). In addition, section 9 of the FAA provides that a petition to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made."  9 U.S.C. § 9.  Unanswered petitions to confirm arbitration awards are treated like summary judgment motions.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011); *accord New York City Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20 Civ. 51, 2020 WL 1809323, at *2 (S.D.N.Y. Apr. 9, 2020) ("generally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment") (internal citations omitted).

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016); *accord Tried N True Interiors*

*LLC*, 2020 WL 1809323, at *2.  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted).  "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  *United Bhd. of Carpenters & Joiners v. Tappan Zee Constrs., LLC*, 804 F.3d 270, 275 (2d Cir. 2015).  An award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice."  *Nat'l Football League*, 820 F.3d at 537 (citation and internal quotation marks omitted).  "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'"  *Id.* at 536 (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573 (2013)).  Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992); *accord Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Platinum Specialty Servs., Inc.*, No. 19 Civ. 7417, 2019 WL 4267519, at *2 (S.D.N.Y. Sept. 10, 2019).

As Petitioners have shown that there is no material issue of fact in dispute, summary judgment is warranted.  The CBA empowers the JTC "to hear and decide . . . all grievances and disputes which arise between the parties as to the interpretation or application of this Trade Agreement and to make such awards or assess remedies, damages and penalties for violations of this Trade Agreement."  The dispute at issue -- Sahara's violations of the CBA provisions

4

regarding the failure to pay wages and benefits -- "draws its essence from the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 537. The JTC's determination that Sahara violated the CBA when it failed to pay Cespedes wages and benefits is also supported by more than a "barely colorable justification." *Landy Michaels*, 954 F.2d at 797. At the arbitration hearing, a Union representative stated that Cespedes had worked for Sahara during specified time periods and that Sahara had failed to pay wages and benefits for those periods. A Sahara representative "failed to refute [the Union representative's] reporting." The CBA further provides that the JTC may "remedy complaints" by assessing "wages and contributions owed" and "liquidated damages." After the hearing, the JTC directed Sahara to pay unpaid wages and benefit contributions in amounts calculated by multiplying the number of uncompensated hours Cespedes worked by the CBA wage and benefit rates during that period -- and assessed liquidated damages. "If the arbitrator acts within the scope of [its] authority, the remedy . . . is not judicial intervention." *Nat'l Football League*, 820 F.3d at 537 (internal quotation marks omitted). Here, the JTC acted within the scope of its authority pursuant to the CBA when it found that Sahara had violated the terms of the CBA. Accordingly, the Award is confirmed.

### B.   Attorneys' Fees and Costs

In addition to the fees included in the Award, Petitioners request attorneys' fees and costs associated with this action. "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners v. Infinity Mgmt. Corp.*, No. 19 Civ. 10654, 2020 WL 550699, at *3 (S.D.N.Y. Feb. 3, 2020). However, a court may award fees and costs in an LMRA case pursuant to its equitable powers. *See Odeon Capital Grp. LLC v. Ackerman*, 864

F.3d 191, 198 (2d Cir. 2017).  "As applied to suits for the confirmation and enforcement of arbitration awards . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorneys' fees and costs may properly be awarded."  *See Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks and citation omitted); *accord N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Saheet Constr. Corp.*, No. 20 Civ. 2646, 2020 WL 5237799, at *2 (S.D.N.Y. Sept. 2, 2017).

Here, Sahara signed the CBA (which provided for arbitration), failed to satisfy the Award and failed to oppose the Petition.  As Sahara failed to justify its refusal to abide by the arbitrator's decision, Petitioners should be awarded reasonable attorneys' fees and costs.  *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 7335672, at *3-4. Petitioners are also entitled to recover fees and costs pursuant to the CBA, which provides that "if an Association employer violates [the CBA], and the Union and/or the Trustees of one or more Joint Trust Funds . . . institutes legal action to enforce an award by the Joint Trade Committee . . . the Association employer shall pay any accountants' and/or attorneys' fees incurred by the Union and/or the Joint Trust Funds, plus the costs of the litigation that have resulted from such legal action."

However, Petitioners have not documented their requested fees and costs to allow an assessment of whether they are reasonable.  Within twenty-one days of the date of this Opinion & Order, Petitioners may file a fee application supported by timesheets showing hours worked, tasks performed, hourly billing rate, and background information about the attorneys who worked on the case.  *See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc.*, No. 12 Civ. 1749, 2012 WL 3578849, at *5 (S.D.N.Y. Aug. 20, 2012) ("To

recover attorneys' fees, a party 'must document the application with contemporaneous time records' that show 'for each attorney, the date, the hours expended, and the nature of the work done.'") (internal citations omitted).

### C. Interest

Although not explicitly requested, post-judgment interest is also awarded. "Pursuant to 28 U.S.C. § 1961, '[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.'" *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (alteration in original) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). Section 1961 applies to actions to confirm arbitration awards. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). Petitioners are awarded post-judgment interest -- at the statutory rate prescribed by 28 U.S.C. § 1961 -- accruing from the date judgment is entered until payment is made.

### III. CONCLUSION

For the foregoing reasons, the Petition is GRANTED. Petitioners are entitled to a total of $22,464.75, as set forth in the Award, comprising $10,220.50 in unpaid wages, payable to Cespedes, $8,244.25 in benefit contributions, payable to the Trustees' funds on behalf of Cespedes, and $4,000.00 in liquidated damages, payable to the Joint Trade Board of the Painting and Decorating Industry. Petitioners are also entitled to post-judgment interest, calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 15, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE